UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NICHOLAS B. PIERCE,
    Plaintiff,

vs.                                      Case No.:  3:22cv6844/LAC/ZCB

ESCAMBIA COUNTY JAIL,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). On June 29, 2022, the Court ordered Plaintiff to either pay the $402.00 filing fee or file a properly completed *in forma pauperis* motion within thirty days. (Doc. 7). The Court directed the Clerk of Court to send Plaintiff the correct set of *in forma pauperis* forms and notified Plaintiff that failure to comply with the Court's order would result in a recommendation of dismissal of the case. (*Id.* at 2).[1]

---

[1] The Court sent the order to Plaintiff at his record address, the Escambia County Jail. On July 18, 2022, the jail returned the order to the Court with the notation "Return to Sender, Attempted—Not Known, Unable to Forward." (*See* Doc. 8). Per the Escambia County Jail website, Plaintiff was still housed at the Escambia County Jail at the time. (*See id.*). The Clerk resent the order and *in forma pauperis* motion to the Escambia County Jail. (*Id.*). That mail was not returned as undeliverable.

Plaintiff did not file an *in forma pauperis* motion or pay the filing fee within the time allowed. Therefore, on August 31, 2022, the Court ordered Plaintiff to show cause, within thirty days, why the case should not be dismissed for failure to comply with an order of the court. (Doc. 9). The Court again notified Plaintiff that failure to comply with the Court's order would result in a recommendation of dismissal of the case. (*Id.*).[2] The deadline for compliance with the show cause order has passed, and Plaintiff has not paid the filing fee, filed an *in forma pauperis* motion, or otherwise responded.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the Court. *See* N.D. Fla. Loc. R. 41.1 (authorizing dismissal where a "party fails to comply with an applicable rule or a court order").

At Pensacola, Florida, this 17th day of October 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[2] The Court sent the show cause order to Plaintiff's last known address, the Escambia County Jail. On September 14, 2022, the jail returned the order to the Court with the notation "Return to Sender, Attempted—Not Known, Unable to Forward." (*See* Doc. 10). The Clerk of Court located Plaintiff on the Florida Department of Corrections' inmate locator and forwarded the order to the address listed on that website. (*See* Doc. 10-1). It has now been a month since the Court forwarded the show cause order to Plaintiff and no response has been filed.

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**